HARLAND *v.* BANKERS' & MERCHANTS' TEL. Co. and others.

(*Circuit Court, S. D. New York.*  September 23, 1887.)

1. MORTGAGE—FORECLOSURE—RECEIVER—ACTION BY, TO DETERMINE ADVERSE CLAIMS.

Although the order appointing a receiver *pendente lite* in mortgage foreclosure authorized him to bring such suits as he might be advised, he cannot maintain a suit in equity to obtain an adjudication that certain real property is subject to the lien of the mortgage, and that all liens claimed thereon by parties in possession and parties out of possession are invalid against him, and to obtain possession thereof, against one claiming adversely, where neither the mortgagor nor mortgagee is made a party, and no assignment by them to him of the property or cause of action is shown.

2. SAME—BILL BY RECEIVER FOR ACCOUNTING—CONTRACT WITH MORTGAGOR.

A receiver, appointed in an action to foreclose a mortgage given by a telegraph company, claimed to cover all subsequently acquired property of the mortgagor, cannot maintain a bill for an accounting for damages suffered by the mortgagor from breach of a contract to construct certain telegraph lines.

3. EQUITY—JURISDICTION—BILL TO TRY TITLE TO PROPERTY IN ADVERSE POSSESSION.

Equity will not entertain a bill to try title to, and obtain possession of, property in the possession of one claiming adversely, although at the same time complainant seeks relief in the nature of removing clouds upon title.

4. SAME—COSTS ON DISMISSING BILL AFTER HEARING—FAILURE TO DEMUR.

Costs will not be granted on dismissing a bill after a hearing upon the merits, for objections which might have been taken by demurrer, but which defendants failed to take at any stage of the case.

*Wm. T. Wilson* and *Hamilton Wallis*, for complainant.
*R. G. Ingersoll*, for defendants.

WALLACE, J.  The complainant is the receiver of the American Rapid Telegraph Company, and of the property covered by a mortgage or deed of trust executed and delivered by that corporation to the Boston Safe Deposit & Trust Company, bearing date September 1, 1883.  This mortgage was executed to the Boston Safe Deposit & Trust Company as trustee to secure an issue of bonds for $1,000 each, of the aggregate sum of $3,000,000, bearing interest at 6 per cent. from and after March 1, 1884, and maturing September 1, 1893; and was created by the American Rapid Telegraph Company pursuant to an agreement made August 28, 1883, with the Bankers' & Merchants' Telegraph Company.  The trustee named in the mortgage filed a bill of foreclosure in the circuit court of the United States for the district of Connecticut, the mortgagor being a Connecticut corporation, and the complainant was appointed a receiver *pendente lite* by the court in that suit.  By that order the complainant was directed to take possession not only of the property included in the mortgage, but also of all other property legally or equitably belonging to the American Rapid Telegraph Company, and also to take suitable and proper proceedings to obtain possession of any part of such property which might be in possession of any other person or corporation claiming right of possession and title thereto.  An ancillary bill for the foreclosure of the mortgage was filed by the trustee in this court, and

an order was made by this court appointing the complainant receiver, similar in tenor with the order made in the original suit. The mortgage by its terms conveys all the existing telegraph lines and property of the American Rapid Telegraph Company, "together with the lines of telegraph intended to be shortly constructed or acquired by the party of the first part, (the American Rapid Telegraph Company,) so as to connect the following points, viz.: Buffalo, New York, by a northerly route with Chicago, St. Louis; Pittsburg, Pa., via Columbus, Indianapolis, and Terre Haute, Indiana, with St. Louis, Mo.; Columbus, O., with Cincinnati, O., and Louisville, Ky.; and Terre Haute, Ind., with Chicago, Ill."

When the complainant was appointed receiver, the property of the American Rapid Telegraph Company was in the possession and control of the defendant Farnsworth, who had previously been appointed a receiver of the property and effects of the Bankers' & Merchants' Telegraph Company, by an order of the supreme court of the state of New York, in certain actions then pending in that court brought against that corporation by certain of its creditors and mortgage bondholders. The present bill is filed against Farnsworth, the Bankers' & Merchants' Telegraph Company, and the Farmers' Loan & Trust Company, to obtain a decree adjudging that the complainant has the title, and is entitled to the possession, of all the property which belonged to the American Rapid Telegraph Company when the mortgage was created, and of all the property subsequently acquired by the American Rapid Telegraph Company to which the lien of the mortgage by the terms of the instrument was to extend, and that Farnsworth surrender to complainant such of the property as is in his possession. The Farmers' Loan & Trust Company is the trustee in a mortgage, created by the Bankers' & Merchants' Telegraph Company, bearing date November 24, 1883, to secure bonds to the amount of $10,000,000; and asserts a lien under this mortgage upon some of the property in controversy paramount to the mortgage created by the American Rapid Telegraph Company. Other relief is sought by the bill against the defendants mentioned, and against the other defendants. A decree is sought against the Bankers' & Merchants' Telegraph Company for an accounting for damages suffered by the American Rapid Telegraph Company by reason of the non-performance of a contract made in August, 1883, by which the former agreed to construct and deliver to the latter certain new lines of telegraph. Relief is also asked adjudging the American Rapid Telegraph Company entitled to a lien upon all the stock of that company mortgaged to the Farmers' Loan & Trust Company. The proofs are voluminous, and the controversy, which in some of its aspects is complicated, has been argued upon its merits. As presented at the hearing the issues mainly contested are whether the mortgage created by the American Rapid Telegraph Company is the first lien upon the telegraph property known as the "Reconstructed Lines" in the state of New York, and in the eastern states upon the wires placed by the Bankers' & Merchants' Telegraph Company upon the poles of the Rapid Telegraph Company known as the "Strung Wires," and upon the

new lines of telegraph built or acquired by the Bankers' & Merchants' Telegraph Company in the western states in alleged part performance of the contract of that corporation with the American Rapid Telegraph Company to build or acquire new lines and deliver them to the American Rapid Telegraph Company.

Notwithstanding the objection has not been taken by the defendants, the bill must be dismissed because of a radical defect in the averments and proofs. The bill does not allege, nor has the complainant proved, any assignment or transfer to him of the title of the Boston Safe Deposit & Trust Company or of the American Rapid Telegraph Company to the property in controversy, or to the cause of action upon which the bill proceeds. The court cannot decree in favor of a party who does not show himself entitled to the relief sought. The Boston Safe Deposit & Trust Company, the mortgagee in the mortgage made by the American Rapid Telegraph Company, in the absence of an assignment of its rights to the complainant, is the party entitled to the relief sought by the bill so far as it relates to the title of that corporation to the mortgaged property. This corporation is not a party to the suit, and the court cannot proceed to a decree without its presence, in the absence of allegations and proofs showing that the complainant has succeeded to its rights. As to other property and rights involved in the controversy the title is in the American Rapid Telegraph Company. As a receiver *pendente lite* the complainant is the mere custodian of the mortgaged property, and the other property of the American Rapid Telegraph Company. He was appointed according to the usual practice in chancery, and not under the provisions of any statute conferring special powers or rights, and consequently did not acquire the title to the property which belonged to the mortgagee, or to the American Rapid Telegraph Company. If such a receiver finds it necessary to bring suit to reduce choses in action to his possession, or to recover the property intrusted to his custody, he must sue in the name of the corporation having the title, upon leave obtained for that purpose. The question is very fully considered in *Yeager* v. *Wallace*, 44 Pa. St. 294. See, also, High, Rec. § 290, and citations there referred to. Although the complainant was authorized by the terms of the order appointing him receiver to bring such suits and take such proceedings as he might be advised, these must be brought in the name of the corporation having the title to the subject-matter.

It is proper to add that the bill is open to other objections. One controversy presented by it is whether the lien of the mortgage of the Boston Safe Deposit & Trust Company made by the American Rapid Telegraph Company extends to the reconstructed lines, the strung wires, and the new lines built in the western states. The proper parties to this controversy are the mortgagee, the mortgagor, the Bankers' & Merchants' Telegraph Company, and those who claim under the latter corporation. Another controversy presented by the bill is wholly between the American Rapid Telegraph Company, Bullens, the Bankers' & Merchants' Telegraph Company, and those claiming rights derived from the latter corporation. This relates to the lien upon the stock of the American Rapid

Telegraph Company transferred to Bullens, and the accounting for the breach by the Bankers' & Merchants' Company of the contract with the American Rapid Telegraph Company. The Boston Safe Deposit & Trust Company has no interest in this controversy, and it is distinct and independent from the controversy in which that corporation is interested. It is doubtful whether the bill is not multifarious, and one which should be dismissed by the court of its own accord for that reason. Story, Eq. Pl. § 271. As to the first of these controversies the bill proceeds upon the theory that the complainant has acquired the title of the Boston Safe Deposit & Trust Company to the real estate covered by the mortgage of the American Rapid Telegraph Company, and also the title of the American Rapid Telegraph Company to the real estate. As regards this controversy the main object of the bill is to try title to, and obtain possession of, the real property covered by the mortgage, (which includes all the real property of the American Rapid Telegraph Company,) as against those who are in possession of it, and to obtain an adjudication that all the liens claimed by those who are in possession and by the parties who are not in possession are invalid as against the complainant. As to this controversy, even if the complainant had succeeded to the title of the Boston Safe Deposit & Trust Company, and the American Rapid Telegraph Company to the real estate, there are serious difficulties in the way of maintaining the action. If a complainant asserts a legal title to real estate he cannot invoke the jurisdiction in equity as against persons in possession claiming adversely, but must resort to an action of ejectment. The circumstance that he seeks at the same time relief in the nature of removing clouds upon the title does not authorize the intervention of equity. The remarks of the supreme court in the recent case of *Frost* v. *Spitley*, 121 U. S. 556, 7 Sup. Ct. Rep. 1129, are pertinent:

"Under the jurisdiction and practice in equity, independently of statute, the object of a bill to remove a cloud upon title, and to quiet the possession of real estate, is to protect the owner of the legal title from being disturbed in his possession or harassed by suit in regard to that title; and the bill cannot be maintained without clear proof of both possession and legal title in the plaintiff. *Alexander* v. *Pendleton*, 8 Cranch, 462; *Peirsoll* v. *Elliott*, 6 Pet. 95; *Orton* v. *Smith*, 18 How. 263; *Crews* v. *Burcham*, 1 Black, 352; *Ward* v. *Chamberlain*, 2 Black, 430. As observed by Mr. Justice GRIER in *Orton* v. *Smith:* 'Those only who have a clear legal and equitable title to lands connected with possession, have any right to claim the interference of a court of equity to give them peace, or dissipate a cloud on the title.' A person out of possession cannot maintain such a bill, whether his title is legal or equitable; for if his title is legal, his remedy at law by action of ejectment is plain, adequate, and complete; and if his title is equitable, he must acquire the legal title, and then bring ejectment. *U. S.* v. *Wilson*, 118 U. S. 86, 6 Sup. Ct. Rep. 991; *Fussell* v. *Gregg*, 113 U. S. 550, 5 Sup. Ct. Rep. 631."

Upon the facts stated in the bill in respect to this branch of the controversy, it would seem plain that the relief sought is to be obtained by a bill brought by the Boston Safe Deposit & Trust Company to foreclose its mortgage, containing proper averments for the purpose of subjecting the after-acquired property to the lien of the mortgage, and making all

the corporations and persons who are necessary parties to a foreclosure, and whose rights would be affected by the decree, parties to the suit. Upon such a bill the court could determine what property should be sold under the decree, and what liens created subsequently to the mortgage should be extinguished. As has been suggested, the second controversy referred to, presented by the bill, would seem to be properly the subject of another suit in which the American Rapid Telegraph Company should be complainant, and the defendants should be those persons and corporations only who are necessary parties to such a controversy.

If the objections thus suggested had been taken as they might have been by demurrer, much expense and delay would have been saved to the parties. As they were not thus taken, and as they have not been taken at all by the defendants, although the bill must be dismissed costs will not be given to the defendants. *Brooks* v. *Byam,* 2 Story, 553. The dismissal is without prejudice to the complainant to bring such other suit as he may be advised.