## SAVAGE v. WORSHAM.

### (Circuit Court, S. D. California. April 4, 1892.)

1. EQUITY—PLEADING—INSUFFICIENCY OF BILL.
   A bill is demurrable which is so defectively drawn that it is impossible for the court to determine the questions attempted to be presented for decision.

2. PUBLIC LANDS—SUIT TO DETERMINE PRIVATE RIGHTS—JURISDICTION OF COURTS.
   A suit in equity cannot be maintained to determine the rights of the parties in a tract of land so long as the title to such land remains in the United States, and a contest between the parties in respect to it is still pending in the land department.

In Equity. On demurrer to bill.

Wm. E. Savage, in pro. per.

J. S. Chapman, for defendant.

### (Circuit Court, S. D. California. October 3, 1892.)

EQUITY PLEADING—AMENDMENT OF BILL—STATING INCONSISTENT CAUSES OF ACTION.
   Where the object sought by a bill was to establish a trust in complainant's favor in a tract of land, and to compel the defendant to convey the title thereto to complainant, on the ground that, through fraud and irregularities, defendant had been permitted to enter the land from the United States, a second pleading, which seeks to quiet the complainant's title to the land, cannot be regarded as an amendment of the original bill,

which may be filed under leave to amend, since it not only states a different cause of action, but one which depends for its support on a different and inconsistent state of facts.

In Equity. On motion to strike out amended bill.

Wm. E. Savage, in pro. per.
J. S. Chapman, for defendant.

ROSS, District Judge. "To strike out the entire substance and prayer of a bill, and insert a new case by way of amendment, leaves the record unnecessarily incumbered with the original proceedings, increases expenses, and complicates the suit. It is far better to require the complainant to begin anew. To insert a wholly different case is not properly an amendment, and should not be considered within the rules on that subject." Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Hardin v. Boyd, 113 U. S. 764, 5 Sup. Ct. 771, 28 L. Ed. 1141. A mere perusal of the original and amended bills in this case shows that the causes of action attempted to be stated in them are essentially unlike, and proceed upon entirely different theories. The subject of the suit is a certain 40-acre tract of government land. The original bill, among other things, alleged the complainant's entry upon, improvement and possession of, the land, and various steps taken by himself and the respondent looking to the acquisition of the government title to it, resulting in a contest between them in the United States land department; and complainant sought thereby to impose a trust in his favor in respect to the land on the ground of fraud, errors, and irregularities committed by the respondent and by the land department in the matter of such contest. A demurrer to the original bill was sustained by the court on the ground that it was so defectively drawn as to make it impossible for the court to determine the questions attempted to be presented for decision, and because it seemed from the averments of the bill that the title to the land in question was still in the United States, and that the contest between complainant and respondent in respect to it was still pending in the land department. Leave was given the complainant to amend his bill, and pursuant to that permission he filed what is styled an "amended complaint," in which it is alleged that the complainant is now, and has been for the past seven years, in the possession and entitled to the possession of the tract of land in controversy, and claims title thereto under sections 2289, 2290, 2291, and 2372 of the Revised Statutes of the United States; that the respondent claims and asserts an interest in the land adverse to the complainant, which claim is without right; and that respondent has not any estate, right, title, or interest therein. The prayer is that the respondent be required to set forth the nature of his claim; that it be decreed to be invalid; that respondent be enjoined from asserting any right or claim thereto adverse to complainant; and that complainant be adjudged to be "entitled to the ownership and possession of said tract of land." The question of the sufficiency of this pleading as a bill to quiet title is not now presented, for the present motion is one to dismiss the "amended complaint" on the ground

that the cause of action therein attempted to be stated is in its nature and substance different from that attempted to be set out in the original bill, and therefore cannot be regarded as an amendment of the bill.

The motion must be granted. The original bill proceeded upon the theory that, by reason of fraud, irregularities, and errors committed by the respondent and by the officers of the land department of the government, the respondent had been permitted to enter the land in question, which the complainant had become entitled to by reason of his compliance with the laws in relation to the acquisition of such lands, and the object sought by the bill was to establish a trust in complainant's favor in respect to the land, and to compel the respondent to convey the title thereto to complainant. A suit to quiet title proceeds upon an entirely different theory. The very object of such a suit is to protect the owner of the legal title from being disturbed in his possession or harassed by suits in regard to that title. It is so essentially different from a suit to establish a trust in respect to land, and to compel the conveyance of the legal title, that, under the equity practice, a suit to quiet title cannot be maintained without clear proof that the legal title as well as possession is in the plaintiff. Frost v. Spitley, 121 U. S. 556, 7 Sup. Ct. 1129, 30 L. Ed. 1010, and cases there cited. The motion to strike out the so-called "amended complaint" must therefore be sustained. Ordered accordingly.