## AMERICAN TITLE & TRUST CO. v. CITY OF NEW YORK et al.

(Circuit Court of Appeals, Second Circuit. July 10, 1923.)

No. 204.

**Quieting title ⬯32—Appointment of receiver in suit to quiet title held without authority.**

In a suit to quiet title, the court *held* without power to appoint a receiver and to require an adverse claimant to deliver to him all papers and documents relating to title, and especially where it appears from the bill that complainant was not in possession.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by the American Title & Trust Company against the City of New York and others. From an order of the District Court, defendant Crown Lands Corporation of Staten Island appeals. Reversed.

Heretofore appellant appealed from several orders, and thereafter a motion was made for dismissal of appeal as to these orders. This court granted the motion in respect of all of the orders appealed from, except that of October 9, 1922, supra. The papers are voluminous, and it is necessary only to state the facts in somewhat summary form.

Plaintiff originally brought suit against Symes Foundation, Inc. It was alleged in the bill of complaint that the cause involved "the enforcement and protection of a specific trust involving real property in the state of New York." On March 4, 1922, a receiver was appointed. Later plaintiff filed a "first amended bill," in which it joined appellant as one of the defendants. After this plaintiff filed a "second amended bill," and appellant filed an answer. From these pleadings it appears that plaintiff alleged in substance that on October 27, 1708, the English crown granted to Lancaster Symes all of the unpatented land in Richmond county on Staten Island, and that plaintiff by mesne conveyances acquired the title to this ground. It is further alleged that on June 22, 1917, plaintiff caused to be incorporated the defendant the Symes Foundation, Inc., in trust 50 per cent. to go to public uses and charities, and 50 per cent. to plaintiff; that on October 14, 1919, the city of New York took possession of a parcel of land for dock and pier purposes, which plaintiff alleges was a part of Symes grant; that defendant Symes Foundation, Inc., was without funds and financially unable to employ sufficient counsel to contest the claims of its opponents, and therefore plaintiff desired a receiver appointed, to enable Symes Foundation, Inc., to defend itself properly in the proceedings which the city took. It further appears that the city of New York is in possession of the property. Appellant in its answer, claimed ownership of the entire Symes grant, and denied that plaintiff or the Symes Foundation, Inc., had any title.

A receiver was appointed before appellant was made a party to the litigation, and the order complained of extended the receivership, so as to require appellant, among others, "forthwith to surrender and turn over to the receivers all documents, maps, abstracts, and muniments of title in the possession or control of said parties, and each of them, affecting or relative to the Symes title." It also required defendant, among others, to file a statement of its claims with the receiver, and also enjoined defendant from asserting its claims elsewhere than in this suit. Other features of the order need not be referred to.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

George A. Logan, of New York City, for plaintiff.

Stockton & Stockton, of New York City (E. R. Whittingham, of New York City, of counsel), for Symes Foundation, Inc.

John M. Coleman, of New York City (Oscar B. Bergstrom, of New York City, of counsel), for Crown Lands Corporation of Staten Island.

Frank C. Mebane, of New York City (Benjamin Catchings and Merle I. St. John, both of New York City, of counsel), receiver.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). The District Court was without power on any ground to make the order appealed from, so far, in any event, as it affected appellant. The suit is one to quiet title, and proceeds upon theories of general equity jurisprudence. In such circumstances, it cannot be maintained without clear proof, not only of legal title in plaintiff, but also of possession. Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129, 30 L. Ed. 1010.

Here possession is not asserted, but, on the contrary, appears to be elsewhere than in plaintiff. We should be inclined to dismiss the complaint as to this appellant, but for the fact that proceedings have been had before a master, and there may have been developments in the case which are not apparent upon this record. It is sufficient at this time to limit our conclusion strictly to the order appealed from.

The order is reversed, with costs to Crown Lands Corporation of Staten Island, appellant.