**WOOD, Forest Supervisor, v. PHILLIPS et al.**
**No. 3099.**

Circuit Court of Appeals, Fourth Circuit.
June 17, 1931.

Thomas J. Harkins, U. S. Atty., of Asheville, N. C. (Elton L. Marshall, Sol., U. S. Department of Agriculture, J. B. Horigan,

and H. H. Clarke, Assts. to the Sol., U. S. Department of Agriculture, all of Washington, D. C., on the brief), for appellant.

Zebulon Weaver, of Asheville, N. C. (T. M. Jenkins, of Robbinsville, N. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PARKER, Circuit Judge.

This is an appeal from a decree in a suit instituted in the court below by one R. L. Phillips, as plaintiff, against Arthur A. Wood, a forest supervisor of the United States, as defendant. The bill of complaint alleges that plaintiff is the owner and entitled to the free and uninterrupted use of a certain tract of land; that defendant is exercising dominion and control over same, is claiming title thereto to be in the Department of Agriculture of the United States and, under threats of prosecution, is preventing plaintiff from removing timber therefrom or exercising other rights of ownership with respect thereto; that defendant and those under whom he claims have no title to the land and their alleged title and claim of ownership constitute a cloud upon plaintiff's title and prevent him from placing the land upon the market or from cutting and removing timber therefrom; that the land is principally valuable for the timber and unless plaintiff is allowed to sell same while timber is being cut on an adjoining tract he will be irreparably damaged; and that plaintiff is unable to sue the United States or to induce the United States to sue him for the purpose of settling the title. It concludes with a prayer that plaintiff be declared the owner of the land and that defendant be enjoined from claiming or exercising dominion over same, or from interfering with the free and uninterrupted use thereof by plaintiff.

Defendant filed to the bill of complaint a pleading entitled "Answer and motion to dismiss or transfer to the law side of the docket." In this he denied plaintiff's title, averred title to be in the government of the United States under whom he claimed, and moved that the suit be dismissed or transferred to the law side of the court under Equity Rule 22 (28 USCA § 723). This motion was denied, exception to its denial was duly taken, and trial was had before the court sitting in equity. Decree was entered adjudging plaintiff to be the owner of the land in controversy and enjoining defendant from claiming or exercising dominion over same; and from this decree defendant has appealed, assigning as error, among other rulings of the court, the refusal to dismiss the suit or transfer it to the law side of the docket for trial.

An analysis of the bill of complaint will show that the plaintiff has not only not alleged that he is in possession of the lands in controversy, but has alleged that defendant is in possession thereof, the allegation with regard to defendant's possession being that defendant is exercising dominion and control over these lands, claiming title thereto to be in the government of the United States. As defendant is sued as forest supervisor of the United States, the fair inference from the pleadings is that he is exercising such dominion and control as forest supervisor. Without entering into an analysis of the many decisions as to what constitutes possession of real estate which will subject the possessor to an action of ejectment, there can be no doubt, we think, that the dominion and control exercised by a forest supervisor over government forest lands constitutes such possession. Tindal v. Wesley, 167 U. S. 204, 211, 17 S. Ct. 770, 42 L. Ed. 137. As said by Judge Gaston in Williams v. Buchanan, 23 N. C. (1 Iredell's Law) 535, 35 Am. Dec. 760: "Possession of land is denoted by the exercise of acts of dominion over it, in making the ordinary use and taking the ordinary profits, of which it is susceptible in its present state—such acts to be so repeated as to show that they are done in the character of owner, and not of an occasional trespasser." And the rule as to what constitutes possession in a case such as this is thus stated in 1 R. C. L. 695:

"As a general rule it will be sufficient if the land is so used by the adverse claimant as to apprise the community in its locality that it is in his exclusive use and enjoyment, and to put the owner on inquiry as to the nature and extent of the invasion of his rights; and this is especially true where the property is so situated as not to admit of permanent improvement. In such cases if the possession comports with the usual management of similar lands by their owners it will be sufficient. Neither actual occupation, cultivation, nor residence is necessary where neither the situation of the property, nor the use to which it is adapted or applied, admits of or requires such evidences of ownership."

The bill was evidently drawn in accordance with the North Carolina practice, under which the distinctions between actions at law

and suits in equity have been abolished, and pursuant to the provisions of section 1743 of the Consolidated Statutes, which allows an action to be brought by "any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." This section authorizes suit in the courts of North Carolina wherever another sets up an adverse claim to land of plaintiff, whether plaintiff be in possession thereof or not (Satterwhite v. Gallagher, 173 N. C. 525, 92 S. E. 369), the suit being treated by the North Carolina courts as an action of ejectment, where ownership is alleged to be in plaintiff and possession in defendant. Hines v. Moye, 125 N. C. 8, 34 S. E. 103. This statute, however, does not enlarge the jurisdiction of federal courts of equity, as it merely regulates procedure and does not create any substantive right. And, even if it could be considered as creating an equitable right, it would not authorize the trial by a federal court of equity of what is in essence an action of ejectment, for the reason that in such action the defendant is entitled under the federal constitution to a trial by jury. As said by Chief Justice Hughes in the recent case of Henrietta Mills v. Rutherford County, 281 U. S. 121, 127, 50 S. Ct. 270, 272, 74 L. Ed. 737:

"It is true that where a state statute creates a new equitable right of a substantive character, which can be enforced by proceedings in conformity with the pleadings and practice appropriate to a court of equity, such enforcement may be had in a federal court provided a ground exists for invoking the federal jurisdiction. Clark v. Smith, 13 Pet. 195, 203, 10 L. Ed. 123; In re Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599; Holland v. Challen, 110 U. S. 15, 24, 25, 3 S. Ct. 495, 28 L. Ed. 52; Frost v. Spitley, 121 U. S. 552, 557, 7 S. Ct. 1129, 30 L. Ed. 1010; Gormley v. Clark, 134 U. S. 338, 348, 10 S. Ct. 554, 33 L. Ed. 909; Lawson v. United States Mining Company, 207 U. S. 1, 9, 28 S. Ct. 15, 52 L. Ed. 65; Pusey & Jones Company v. Hanssen, 261 U. S. 491, 498, 43 S. Ct. 454, 67 L. Ed. 763. But the enforcement in the federal courts of new equitable rights created by states is subject to the qualification that such enforcement must not impair any right conferred, or conflict with any inhibition imposed, by the constitution or laws of the United States. This court said in Scott v. Neely, 140 U. S. 106, 110, 11 S. Ct. 712, 714, 35 L. Ed. 358, that 'whenever, respecting any right violated, a court of law is competent to render a judgment affording a plain, adequate, and complete remedy, the party aggrieved must seek his remedy in such court, not only because the defendant has a constitutional right to a trial by jury, but because of the prohibition of the act of congress to pursue his remedy in such cases in a court of equity.' Whitehead v. Shattuck, 138 U. S. 146, 152, 11 S. Ct. 276, 34 L. Ed. 873; Wehrman v. Conklin, 155 U. S. 314, 323, 15 S. Ct. 129, 39 L. Ed. 167. Whatever uncertainty may have arisen because of expressions which did not fully accord with the rule as thus stated, the distinction, with respect to the effect of state legislation, has come to be clearly established between substantive and remedial rights. A state statute of a mere remedial character, such as that which the petitioner invokes, cannot enlarge the right to proceed in a federal court sitting in equity, and the federal court may, therefore, be obliged to deny an equitable remedy which the plaintiff might have had in a state court."

When the bill is considered in the light of the principles governing suits in equity in the federal courts, and without the aid of the state statute, it is perfectly clear that it cannot be sustained for two reasons: (1) Because a bill to quiet title does not lie in favor of a plaintiff who is not in possession against a defendant who is in possession; and (2) because a suit to quiet title would settle nothing, as defendant is claiming, not in his own right, but as an officer of the federal government, which cannot be made a party.

■ A federal court of equity will not entertain a bill to quiet title by a plaintiff not in possession against a defendant in possession not only because such plaintiff has a plain, adequate and complete remedy at law in an action of ejectment, but also because defendant has the constitutional right to have the issue of title tried by a jury. Whitehead v. Shattuck, 138 U. S. 146, 151, 11 S. Ct. 276, 277, 34 L. Ed. 873; White v. Sparkill Realty Corp., 280 U. S. 500, 50 S. Ct. 186, 74 L. Ed. 578; Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297; Wehrman v. Conklin, 155 U. S. 314, 323, 15 S. Ct. 129, 39 L. Ed. 167; Smyth v. N. O. Canal & Banking Co., 141 U. S. 656, 661, 12 S. Ct. 113, 35 L. Ed. 891; Scott v. Neely, 140 U. S. 106, 110, 11 S. Ct. 712, 35 L. Ed. 358; Frost v. Spitley, 121 U. S. 552, 556, 7 S. Ct. 1129, 1131, 30 L. Ed. 1010; U. S. v. Wilson, 118 U. S. 86, 89, 6 S. Ct. 991, 30 L. Ed. 110; New Jersey & N. C. Land & Lumber Co. v. Gardner Lacy Lumber Co. (C. C. A. 4th) 178 F. 772; Johnston v. Corson Gold Mining Co.

(C. C. A. 9th) 157 F. 145, 15 L. R. A. (N. S.) 1078; Harland v. Bankers' & Merchants' Tel. Co. (C. C.) 32 F. 305; 5 R. C. L. 642.

The case of Whitehead v. Shattuck, supra, cited with approval in the recent case of Henrietta Mills v. Rutherford County, supra, is directly in point. In that case it appeared that a statute of Iowa authorized the bringing of a suit to quiet title against one in possession of the property claimed by plaintiff. Suit was instituted under the statute against a defendant in possession. In holding that a federal court of equity was without jurisdiction to entertain the suit, the court, speaking through Mr. Justice Field, said:

"The seventh amendment of the constitution of the United States declares that 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' That provision would be defeated if an action at law could be tried by a court of equity, as in the latter court a jury can only be summoned at its discretion, to ascertain special facts for its enlightenment. Lewis v. Cocks, 23 Wall. 466, 470 [23 L. Ed. 70]; Killian v. Ebbinghaus, 110 U. S. 568, 573, 4 S. Ct. 232 [28 L. Ed. 246]; Buzard v. Houston, 119 U. S. 347, 351, 7 S. Ct. 249 [30 L. Ed. 451]. And so it has been held by this court 'that whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury.' Hipp v. Babin, 19 How. 271, 278 [15 L. Ed. 633].

"It would be difficult, and perhaps impossible, to state any general rule which would determine, in all cases, what should be deemed a suit in equity as distinguished from an action at law, for particular elements may enter into consideration which would take the matter from one court to the other; but this may be said, that where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury."

The rule is thus stated by Mr. Justice Gray, in Frost v. Spitley, supra:

"Under the jurisdiction and practice in equity, independently of statute, the object of a bill to remove a cloud upon title, and to quiet the possession of real estate, is to protect the owner of the legal title from being disturbed in his possession, or harassed by suits in regard to that title; and the bill cannot be maintained without clear proof of both possession and legal title in the plaintiff. Alexander v. Pendleton, 8 Cranch, 462 [3 L. Ed. 624]; Peirsoll v. Elliott, 6 Pet. 95 [8 L. Ed. 332]; Orton v. Smith, 18 How. 263 [15 L. Ed. 393]; Crews v. Burcham, 1 Black, 352 [17 L. Ed. 91]; Ward v. Chamberlain, 2 Black, 430 [17 L. Ed. 319]. · As observed by Mr. Justice Grier in Orton v. Smith: 'Those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title.' 18 How. 265 [15 L. Ed. 393]. A person out of possession cannot maintain such a bill, whether his title is legal or equitable; for, if his title is legal, his remedy at law, by action of ejectment, is plain, adequate, and complete; and if his title is equitable, he must acquire the legal title, and then bring ejectment. U. S. v. Wilson, 118 U. S. 86, 6 S. Ct. 991 [30 L. Ed. 110]; Fussell v. Gregg, 113 U. S. 550, 5 S. Ct. 631 [28 L. Ed. 993]."

And we think that the second ground stated above is equally conclusive against the right of plaintiff to maintain the suit in equity. The United States not having consented to be sued, cannot be made a party defendant. Carr v. U. S., 98 U. S. 433, 25 L. Ed. 209; U. S. v. Turner (C. C. A. 8th) 47 F. (2d) 86. Consequently, plaintiff's suit to quiet title will not establish title against the adverse claimant, and any relief which the court may grant will be nugatory. Ejectment would lie, because in that action relief is sought, not against the claim of the government, but against the wrongful possession of the government's agent. U. S. v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171. In a suit to quiet title, however, the matter in issue is the title itself; and no effective relief can be granted unless the adverse claimant is a party to the suit. As was well said by the Court of Appeals of New York in Sanders v. Saxton, 182 N. Y. 477, 75 N. E. 529, 530, 1 L. R. A. (N. S.) 727, 108 Am. St. Rep. 826, 828: "Now, as the only object and purpose of a suit in equity to remove a cloud on the title

to property is to have any adverse title that may be asserted under such cloud passed on and adjudged void, so that the plaintiff in possession may be forever afterwards free from any danger of the hostile claim, it would seem plain that, where the judgment in an action cannot conclude or bind a party claiming under the adverse title, the action must fail."

Louisiana v. Garfield, 211 U. S. 70, 29 S. Ct. 31, 53 L. Ed. 92, was a suit instituted to establish the title of Louisiana to certain swamp lands and to enjoin the Secretary of the Interior from making a disposition of the lands in derogation of that title. The court held that the case presented questions with respect to the title of the United States which could not be tried behind its back, that it was therefore a necessary party to the case and that, as it could not be made a party, the action must fail. To the same effect is New Mexico v. Lane, 243 U. S. 52, 37 S. Ct. 348, 61 L. Ed. 588; and see, also, Oregon v. Hitchcock, 202 U. S. 60, 26 S. Ct. 568, 50 L. Ed. 935; Minnesota v. Hitchcock, 185 U. S. 373, 22 S. Ct. 650, 46 L. Ed. 954; Carr v. U. S., supra; Electric Steel Foundry v. Huntley (C. C. A. 9th) 32 F.(2d) 892, and Subirana v. Kramer (C. C. A. 1st) 17 F.(2d) 725, 727.

In the case last cited, which is very similar to the case at bar, the Circuit Court of Appeals of the First Circuit, speaking through Judge Bingham, said:

"While the bill purports to be one to remove a cloud upon the plaintiffs' title, it does not allege facts sufficient to give them a right to the interference of a court of equity. It is well established in the federal courts that 'those only who have a clear, legal, and equitable title to land connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title.' Orton v. Smith, 18 How. 263, 265 (15 L. Ed. 393). * * *

"Furthermore, it is not the jurisdiction of equity to adjudicate upon the conflicting titles of parties to real estate—that is for the law court; and one who brings a bill in equity to remove a cloud upon his title must not only set out facts showing that he has a clear legal title, but also set out the pretended title or right of the defendant claimed to be a cloud upon his title, that it is clearly invalid and such as may, at the present or a future time, embarrass him in controverting it. Phelps v. Harris, 101 U. S. 370, 374, 375, 25 L. Ed. 855; 3 Pomeroy's Equity, § 1399.

This bill does not allege that the defendant owns or claims to own any title or right that casts a cloud on the plaintiffs' title. On the contrary, the implication of the bill and the contention of the plaintiffs in their brief is that he does not own or claim any title to or right in the lands in controversy, but that, in committing the acts of trespass complained of, he pretends to have acted in pursuance of the authority and right of another, not a party to this proceeding. The bill undoubtedly alleges a cause of action at law for trespass, but no ground for the interposition of a court of equity."

The case of Philadelphia Co. v. Stimson, 223 U. S. 605, 32 S. Ct. 340, 345, 56 L. Ed. 570, relied upon by complainant, is not in point. That was a suit instituted by a riparian owner in possession of land to enjoin the Secretary of War from instituting criminal prosecution against complainant because of the reclamation and occupation of land outside the harbor lines established by the secretary pursuant to statute. The court said of the case: "It was not to determine a controversy as between conflicting claimants under the local law. It was not to restrain trespass. Northern Indiana R. R. Co. v. Michigan Central R. R. Co., 15 How. 233, 14 L. Ed. 674; Ellenwood v. Marietta Chair Co., 158 U. S. 105, 15 S. Ct. 771, 39 L. Ed. 913. It was not brought to try the naked question of the title to the land. Massie v. Watts, 6 Cranch, 148, 158, 3 L. Ed. 181, 185. While the complainant's title lay at the foundation of the suit, and it would be necessary for the complainant to prove it, if denied, still if its title to the land under water were established or admitted to be as alleged, the question would remain whether the defendant, in imposing restrictions upon the use of the property, was acting by virtue of authority validly conferred by a general act of Congress. This was the principal question which the complainant sought to have determined." In the case at bar, the question of title is the sole question involved. That being determined, there is no question as to the rights of complainant in the property or as to the powers of the officials of the government. It is clear that a court of equity cannot be vested with jurisdiction to try title to land by asking injunction against the institution of criminal prosecutions for trespass by the person in possession. "An injunction will not be used to take property out of the possession of one party and put it into that of another. I High, Inj. (2d Ed.) § 355." White v. Sparkill Realty Corp., supra, 280

U. S. 500, 511, 50 S. Ct. 186, 189, 74 L. Ed. 578.

For the reasons stated, the proceeding instituted by plaintiff could not be maintained as a suit in equity. The facts alleged in the bill, however, disclosed a good cause of action at law against defendant under the doctrine of U. S. v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171. The court should, therefore, have granted the motion to transfer the cause to the law side of the docket, with leave to plaintiff to amend. Equity Rule 22 (28 USCA § 723); Act of March 3, 1915, c. 90, 38 Stat. 956, 28 USCA § 397; White v. Sparkill Realty Corp., supra, 280 U. S. 500, 512, 50 S. Ct. 186, 74 L. Ed. 578; Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 241, 43 S. Ct. 118, 67 L. Ed. 232; Clarksburg Trust Co. v. Commercial Casualty Ins. Co. (C. C. A. 4th) 40 F.(2d) 626, 633; Kelley v. U. S. (C. C. A. 9th) 30 F. (2d) 193, 194. It is urged that because of the agreed statement of facts introduced on the trial in equity the error in not transferring the cause should be held harmless. The answer to this is that defendant objected to proceeding in equity and excepted to the refusal to transfer the cause. Because of defendant's right to a trial by jury, the error in refusing to transfer the cause cannot be treated as harmless, whatever the state of the proofs. Great American Ins. Co. v. Johnson (C. C. A. 4th) 27 F.(2d) 71.

The decree below will be reversed, and the cause will be remanded, with directions that it be transferred to the law side of the docket, with leave to the parties to amend their pleadings.

Reversed and remanded, with directions.