[No. 11419.  In Bank. — October 27, 1888.]

GREGOR VON DRACHENFELS, APPELLANT, *v.* AL-
BERT DOOLITTLE ET AL., RESPONDENTS.

ACTION TO QUIET TITLE — EQUITABLE INTEREST. — An action to quiet title cannot be maintained by the owner of an equitable interest as against the holder of the legal title.

COMPLAINT — RECOVERY MUST BE ON CAUSE OF ACTION STATED IN. — The plaintiff cannot have a judgment in direct contradiction of the allegations of his complaint.

ID. — AMENDMENT OF PLEADING — REVERSAL. — A judgment which is right upon the pleadings will not be reversed merely to allow the plaintiff to apply for leave to amend his complaint.

APPEAL from a judgment of the Superior Court of Del Norte County, from an order vacating a judgment, from an order overruling a demurrer to the answer, and from an order refusing a new trial.

The facts are stated in the opinion.

*L. F. Cooper,* and *Sawyer & Burnett,* for Appellant.

*J. D. H. Chamberlin,* and *R. G. Knox,* for Respondents.

HAYNE, C.—This is an action under section 738 of
the Code of Civil Procedure to determine an adverse
claim; or, as is usually said, an action to quiet title.
The complaint is in the usual form, averring in sub-
stance that the plaintiff is the owner of the premises (as
against all persons except the United States), and that
the defendants have some claim to the premises adverse
to the plaintiff, which claim "is without any right what-
ever." The facts are as follows: The owners of a mining
claim upon public land conveyed it to the defendants,
who were and are husband and wife. The consideration
"was the sum of one thousand dollars payable in certain
promissory notes," which were executed by both of the
defendants, but which were paid, when due, by the wife
out of her separate property. The plaintiff recovered a
judgment against the husband, and caused execution to
be levied upon the mining claim, and became the pur-
chaser at the sale without notice of the fact that the
notes were paid with the separate funds of the wife, and
in due course received the sheriff's deed. After this the
wife made application for a patent and paid what was
required by the government, and in due time a patent
was issued to her in her own name. The court below
gave judgment for the defendants, and the plaintiff ap-
peals.

The theory advanced for the appellant is, that the wife
took the title in trust, and should be decreed to convey
to him. But we think this relief is entirely outside the
case made by the complaint. The complaint alleges
that the plaintiff is the owner, and that the defendants'
claim is without right. The judgment asked for would
be, that the plaintiff is not the owner, and that the de-
fendants' claim is not without right, but on the contrary
is the legal title, and should be conveyed to the plaintiff.
It is obvious that the plaintiff cannot have a judgment
in direct contradiction of the material allegations of his
complaint. If in any case an action to determine an

adverse claim can be brought under our statute upon an equitable interest (which we doubt, see *Frost* v. *Spitley*, 121 U. S. 552), it cannot be brought against the holder of the legal title.

The judgment having been right will not be reversed merely to allow the plaintiff to apply for leave to amend his complaint. The other points made do not require special notice. We express no opinion as to the alleged equitable right of plaintiff.

We therefore advise that the judgment and orders appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Rehearing denied.