174 P.2d 834

MERRILL et al. v. FEDERAL CROP INS. CORPORATION.

No. 7325.

Supreme Court of Idaho.

Nov. 26, 1946.

John A. Carver and E. H. Casterlin, both of Boise, for appellant.

A. A. Merrill, of Idaho Falls, for respondents.

PORTER, District Judge.

The appellant, The Federal Crop Insurance Corporation, is a body corporate created by Congress as an agency of and within the Department of Agriculture for the purpose of insuring crops against loss from drouth and other causes. The respondents, A. A. Merrill and N. D. Merrill, are copartners doing business under the firm name of Merrill Bros. The respondents own and operate 460 acres of land located in Bonneville County. In the fall of the year 1944 the respondents planted 400 acres of such land in fall wheat. This wheat winter killed and in the spring of 1945 the respondents recultivated such land and planted the same together with 60 additional acres in Early Bart spring wheat. In March, 1945, the respondents consulted with the Bonneville County Agricultural Conservation Committee, the admitted agent of the appellant, with reference to securing insurance from the appellant covering the 460 acres of wheat. The respondents advised the Committee that 400 acres of this wheat was to be planted upon ground which had been in fall wheat; that the fall wheat

had winter killed and the ground been re-cultivated. The Bonneville County Committee thereupon advised the respondents that all of such wheat crop was eligible for insurance in the appellant. Accordingly, the respondents on March 26, 1945, signed a form of application for insurance covering the 460 acres for the years 1945, 1946 and 1947. The application on the same date was recommended by the Bonneville County Agricultural Conservation Committee for acceptance. The respondents were thereafter notified under date of May 28, 1945, from the Denver office of the appellant that their application had been duly accepted by the authorized agent of appellant; and that the insurance contract consisted of the accepted application and the appropriate rules and regulations of the appellant.

The crop of respondents made a normal growth until in July, 1945, when the same was substantially injured by drouth. The drouth equally affected both the 400 acres and the 60 acres. The fact that the 400 acres of wheat was planted on ground previously sown to fall wheat did not enhance the loss. On August 7, 1945, respondents notified appellant of their damage. The extent of the loss was duly appraised by the agents of the appellant on September 21, 1945; and based upon such appraisement, proof of loss was duly made by the respondents on such date. In November, 1945, the respondents were advised that the premium on such insurance contract was due in the sum of $309.47. Respondents paid such sum on the 8th day of November, 1945, to the appellant and the appellant at all times since has retained such premium. Sometime thereafter the appellant notified the respondents that it would not pay their loss as the crop was not insurable under its regulations which did not authorize the insuring of a spring wheat crop in the year 1945 upon land previously planted to fall wheat in 1944. Thereafter, on January 19, 1946, suit was instituted by the respondents against the appellant to recover for the loss sustained. The case was tried before a jury in March, 1946, and resulted in a verdict and judgment in favor of respondents for the sum of $3,960.30. From this judgment the appellant has prosecuted this appeal.

There is no dispute between the parties but what the judgment fairly represents the amount of loss sustained by the respondents. The appellant admits that the insurance contract covers the 60 acres of wheat in question but urges that there was no separate proof of loss on such 60 acres upon which to predicate a judgment. In view of our disposition of this case such contention is immaterial.

The appellant has assigned 9 specifications of error. However, all these specifications of error tend to raise but the single question as to whether or not the contract of insurance on the 400 acres was void by reason of the regulations of the appellant to the effect that spring wheat planted on ground which had been sown to winter wheat would not be insured for the year

1945. It appears that the appellant corporation adopted Part 414 of Wheat Crop Insurance Regulations on January 29, 1945, approved it on February 5, 1945, and filed it with the Archivist on the same day and published it in 10 Federal Register 1585 on February 7, 1945. This regulation includes, among other things, the following: "The term wheat crop shall not include volunteer wheat not growing with the seeded wheat crop, wheat seeded with a mixture of flax or other small grains or vetch, true type winter wheat seeded in the spring, winter wheat in the 1945 crop year, and spring wheat which has been reseeded on winter wheat acreage in the 1945 crop year." The respondents knew nothing about the existence of this regulation at the time they made application for insurance nor at any time until they were advised that the appellant claimed the insurance contract was void by reason of such regulation and refused to pay the loss.

The rule that an insurance company will not be permitted to defeat a recovery upon a policy issued by it, by proving the existence of facts which would render it void, where it had full knowledge of such facts when the policy was issued, is well established by the authorities in this state. Carroll v. Hartford Fire Insurance Company, 28 Idaho 466, 154 P. 985; Young v. California Insurance Company, 55 Idaho 682, 688, 46 P.2d 718.

It is likewise well established that the knowledge of the agent is the knowledge of the principal in insurance cases. Mabee v. Continental Casualty Company, 37 Idaho 667, 219 P. 598, 37 A.L.R. 348; Carroll v. Hartford Fire Insurance Company, supra.

These rules would fix the liability of the appellant if it were a private corporation. However, the appellant urges that it is a governmental agency; that the regulation in question has the force and effect of a law; that under the federal Register Act the respondents had constructive notice of its contents; and that the same was binding upon the respondents. The regulation in question is not a law. The appellant had authority to insure wheat crops for the years 1945, 1946 and 1947, but as a matter of policy determined not to insure in 1945 spring wheat planted on ground sown to fall wheat in 1944 and issued such regulation as a declaration of policy for the guidance of its officers and agents. We are not concerned with the effect of such regulation if the respondents had known of its existence, as it must be conceded that the respondents had no actual knowledge of it. Likewise, the ultimate question in this case is not one of constructive notice but of equitable estoppel. Under the facts in this case all of the elements of equitable estoppel are present. The appellant in effect contends that estoppel is not applicable to it as an agency of the government. This court in State v. Twin Falls, etc., Water Co., 30 Idaho 41, 166 P. 220, 230, spoke as follows:

200

"Generally the doctrine of equitable estoppel does not apply to the government. 16 Cyc. 780. There are, however, exceptions to this rule. See United States v. Stinson, [7 Cir.] 125 F. 907, 60 C.C.A. 615; United States v. Willamette Valley, etc., Road Co., C.C., 54 F. 807. In the Stinson case the court said: 'When the government seeks its rights at the hands of a court, equity requires that the rights of others as well should be protected. Carr v. United States, 98 U.S. [432], 438, 25 L. Ed. 209 [211]. The government may not in conscience ask a court of equity to set on foot an inquiry that, under the circumstances of the case, would be an unfair or inequitable inquiry. The substantial considerations underlying the doctrine of estoppel apply to government as well as to individuals.' "

See also Woodruff v. Trapnall, 10 How. 190, 51 U.S. 190, 13 L.Ed. 383.

Here we are not dealing directly with the government as such nor with a duly enacted law, but are dealing with a corporation created as an agency of the Department of Agriculture and with one of its regulations adopting a policy with respect to the conduct of its proprietary insurance business. The respondents purchased the insurance in question in good faith and thereafter suffered a loss. The appellant through its agent had knowledge of the material facts. It is now estopped from denying the validity of the insurance contract.

The judgment of the trial court is affirmed. Costs awarded to respondents.

BUDGE, GIVENS, and MILLER, JJ., and GLENNON, District Judge, concur

AILSHIE, C. J., did not sit at the hearing or participate therein.

HOLDEN, J., deeming himself disqualified, did not sit at the hearing or participate herein.