No. 2550

## GEYMAN v. BOULWARE

April 3, 1924.                                    224 Pac. 409.

1. MINES AND MINERALS—VALID, SUBSISTING LOCATION OPERATES TO BAR SECOND LOCATION.

A valid, subsisting location of mineral lands, made and kept up in accordance with United States statutes, has the effect of a grant by the United States of right to present exclusive possession, and operates to bar a second location.

2. EVIDENCE—STATEMENTS OF BOTH PARTIES TO AN ALLEGED CONTRACT TO A REPRESENTATIVE, SENT BY PLAINTIFF TO OTHER PARTY, HELD ADMISSIBLE TO CONTRADICT EXISTENCE OF CONTRACT, AND NOT HEARSAY.

In a suit to quiet title to mining claims, based on an alleged contract with another to locate the claims in his own and plaintiff's names, testimony of plaintiff's agent sent to interview such contracting party as to conversations with both parties was admissible against plaintiff to contradict existence of the contract, and not hearsay; statements of the contracting party being in response to a claim presented by plaintiff through her representative.

3. MINES AND MINERALS—FAILURE TO PERFORM ANNUAL LABOR MADE LAND OPEN FOR LOCATION.

In a suit to quiet title to mining claims, proof that the annual labor was not performed for a year prior to defendant's entry required judgment for defendant, since the ground was then open for location.

4. MINES AND MINERALS—ANNUAL LABOR HELD NOT TO INURE TO BENEFIT OF LOCATIONS BY ANOTHER.

Where, after S. had located mining claims which plaintiff claimed should have been located in the names of herself and S., she located the same ground in the names of both, annual labor by her for the claims located by her *held* not to inure to the benefit of the locations by S.

APPEAL from Fourth Judicial District Court, Elko County; *E. J. L. Taber,* Judge.

Action by Mrs. J. C. Geyman against J. W. Boulware and others. From a judgment for defendant and an order denying a new trial, plaintiff appeals. **Affirmed.**

*Harold Hale,* for Appellant:

Appellant's paramount theory is she became legal locator with Spencer by reason of agreement by which he was to perform location work for half-interest. Her subordinate theory is she became real locator when she performed necessary work in pursuance of agreement when she discovered he was attempting to avoid it. The evidence establishes the agreement.

Appellant was only person concerned who had first-hand knowledge of mineral on claims. Such knowledge is necessary to initiate valid location. 18 R. C. L. 1120.

The law of location by agent needs no elaboration in this state, where "grubstake" agreements are constanly upheld. 18 R. C. L. 1112.

Filing a defective, or failing to file any, certificate does not invalidate claim. Ford v. Campbell, 29 Nev. 578; Gibson v. Hjul, 32 Nev. 360.

Mining ground is not open to relocation while valid location subsists. Lindley, sec. 363; Belk v. Meagher, 104 U. S. 279.

*James D. Finch,* in *pro. per.* and for Respondent Boulware:

Appellant's locations, made subsequent to Spencer's and Lyons's, were void ab initio, as ground was then covered by their valid, subsisting locations. Nash v. McNamara, 30 Nev. 114; Farrell v. Lockhart, 210 U. S. 142; Belk v. Meagher, 104 U. S. 279.

Appellant's proper and only remedy was by suit for specific performance on theory of resulting trust, but on such meager showing even this could not be obtained. 39 Cyc. 84, 85; Grand Prize M. M. Co. v. Boswell, 152 Pac. 1067.

Clear and convincing proof is required to establish resulting trust and to justify decree for specific performance. Rice v. Rigley, 61 Pac. 290.

*McCarran & Mashburn,* for Respondent Tooley, adopt brief of Mr. Finch.

By the Court, COLEMAN, J.:

This is an action to quiet the title to the Badger No. 1 and Badger No. 2 lode mining claims. The complaint is in the usual form. The answer denied ownership and possession of the ground, or any right thereto, in the plaintiff, and affirmatively alleged ownership, possession, and right of possession to the ground in defendants. The trial court rendered judgment in favor of the defendants. The plaintiff appealed from the judgment and from the order denying a motion for a new trial.

Prior to January 1, 1915, the ground in controversy had been located by parties who are not interested in this action. They did not do the annual assessment work for the year 1914, and therefore the ground became open to location on January 1, 1915, upon which day it was located by Tom Spencer and Chas. G. Lyons as the Badger No. 1 and Badger No. 2 lode mining claims.

Contending that the annual assessment work was not performed upon these claims during the year 1916, the defendants Boulware and Tooley undertook to locate the ground. On January 1, 1917, the defendant Tooley located in his own name as the Summit lode the ground covered by the former location known as Badger No. 1 lode, and the defendant Boulware, on January 19, 1917, located in his own name as the Starlight lode mining claim the ground covered by the Badger No. 2 location. Both of the defendants aver that within the time prescribed by law they performed all of the requirements to perfect such locations and recorded location certificates thereof. The defendants Boulware and Tooley also plead adverse possession.

The plaintiff bases her claim to the ground upon two theories designated her "paramount" theory and her "subordinate" theory. In support of her paramount theory she undertook to prove that on the night of December 31, 1914, she entered into an agreement with Tom Spencer whereby he was to locate two mining claims on the following day in their joint names, and that Spencer actually so located the claims, but thereafter erased her name from the location notice and substituted the name of C. G. Lyons, and that by virtue of the agreement so entered into and the location thus made she was the owner of an undivided one - half interest in the property, and that Spencer held the same in trust for her. Her subordinate theory is that subsequent to the location so made by Spencer, and before January 8, 1915, she located the ground in her name and that of Spencer, and thereafter performed all of the acts required by law to perfect such locations, and subsequently complied with the law as to annual labor, and

that the ground was not, therefore, open to location on the dates Boulware and Tooley undertook to locate it.

Counsel for appellant, in his opening brief relative to the location of the Badger claims located by Spencer, says:

"In this connection let us call to the court's attention the fact that the Spencer location, so far as sufficiency and correctness are concerned, is not questioned by either party, but is in fact relied upon by both. We are therefore entitled to assume that Spencer's acts with regard to the posting of notices, marking of boundaries, setting of stakes and performance of location work, were entirely correct under the statute. If, therefore, appellant has established a privity with him as she claims to have done, his acts were hers, and the initial location cannot be questioned; the presence of the name of Lyons upon the notices of location being a surplusage that the court will disregard as incepting no rights for that individual."

This position of respective parties greatly minimizes our labors.

The formal findings of facts made by the trial court are clear cut, and, if well founded, its judgment in favor of the defendants inevitably followed. The court found:

(1) That the ground in question was located on January 1, 1915, by Tom Spencer and Chas. G. Lyons jointly in their own names as the Badger No. 1 and Badger No. 2 lode mining claims, and that they in due time performed every act necessary to perfect said location; that said parties never abandoned said locations prior to January 1, 1917; that they failed to do and perform the annual assessment upon said claims during and for the year 1916.

(2) That the plaintiff, some time between January 4 and 8, 1915, went upon said claims and undertook to locate the same in her own name and that of Tom Spencer jointly, and thereafter filed a location certificate of the same.

(3) That on January 1, 1917, W. E. Tooley entered upon the ground covered by the location made by Spencer and Lyons, as the Badger No. 1, and located

the same in his name as the Summit lode, and thereafter did and performed all of the acts necessary to perfect such location, and that on January 19, 1917, J. W. Boulware entered upon the ground located by said Spencer and Lyons as the Badger No. 2, and located the same in his name as the Starlight lode, and thereafter performed all of the acts necessary to perfect such location.

(4) That the locations made by the said Spencer and Lyons were valid locations, and that the locations attempted to be made by the plaintiff were and are void.

(5) That the alleged agreement between the plaintiff and Spencer was not established by the evidence.

1. In disposing of this appeal we will consider appellant's "subordinate" theory first. We should have no great difficulty in satisfying the appellant even that no relief can be had on this theory. As we have shown by quoting from appellant's opening brief, the two locations made by Spencer on January 1, 1915, are conceded to have been valid and subsisting locations, and that all of the legal requirements were complied with to perfect the same. These locations having been perfected, it follows as a matter of law that the ground embraced within them was no longer a part of the public domain of the United States. The law on this point is so clearly settled that there is no room for discussion. This court, in Nash v. McNamara, 30 Nev. 114, 93 Pac. 405, 16 L. R. A. (N. S.) 168, 133 Am. St. Rep. 694, quoted from several decisions of the United States Supreme Court sustaining this rule. It quoted from Gwillim v. Donnellan, 115 U. S. 49, 5 Sup. Ct. 1112, 29 L. Ed. 348, as follows:

"A valid and subsisting location of mineral lands, made and kept up in accordance with the provisions of the statutes of the United States, has the effect of a grant by the United States of the right of present and exclusive possession of the lands located. If, when one enters on land to make a location there is another location in full force, which entitled its owner to the exclusive possession of the land, the first location operates as bar to the second."

This must dispose of the subordinate theory of the plaintiff.

2. Coming now to her "paramount" theory, we are compelled to reject it. In the first place, plaintiff relies upon a contract alleged to have been entered into between Spencer and herself to establish her right. The trial court found as a fact that she had not established the existence of such alleged contract. The contention is made that the trial court based its finding that the plaintiff had not established her alleged contract upon hearsay evidence. We do not think this is the fact. The evidence in question is that given by one Macy. As soon as the plaintiff learned that Spencer had located the ground in question in his and Lyons's names she engaged Macy to see Spencer in her behalf and present to him her claim for an interest in the ground. Macy's testimony purported to state the conversation had by him with both the parties. He was the representative of the plaintiff. He was certainly qualified to testify as to what she said to him, and the statements made by Spencer to him as plaintiff's representative were admissible because they were made in response to a claim presented by the plaintiff through her representative. We think the evidence was competent. The court had a right to consider it, and, it not having been contradicted, though the plaintiff might have done so, we cannot say that the court erred in its conclusion.

3, 4. But, if we were to hold that Macy's evidence was hearsay, and that the court was not justified in concluding that the plaintiff had failed to establish the alleged contract, we would, nevertheless, be compelled to affirm the judgment for the reason that the annual labor on the claims located by Spencer on January 1, 1915, was not performed for the year 1916, and hence the ground was open for location in January, 1917, when the defendants made their location. It is true that the plaintiff showed that she did the annual labor for the claims located by her between January 4 and 8, 1915, but that work could in no way inure to the benefit of the Spencer locations.

The trial court having found as a fact that the Badger No. 1 and Badger No. 2 lode claims were located in the joint names of Spencer and Lyons on January 1, 1915, the query arises if the plaintiff can maintain an action to quiet title thereto, no matter if she had shown by an overwhelming weight of the evidence an equitable interest in the property, pursuant to an agreement with Spencer prior to his location of the claims. Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129, 30 L. Ed. 1010; 32 Cyc. 1329.

Judgment affirmed. _____